-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DENNIS LARWETH, 01-B-1828,

        Petitioner,

                                        **DECISION AND ORDER**
-v-                                         04-CV-0050A

JOHN CONWAY,

        Respondent.

_____

      Petitioner, *pro se*, has filed a request to stay the instant petition for habeas corpus relief so that he can return to state court and raise a claim based on "new case law from the Court of Appeals concerning post release supervision" ("new claim"). (Docket No. 13). Petitioner does not state the basis of this claim nor does he provide any reason as to why he did not previously exhaust this claim in state court. For the reasons set forth below, petitioner's motion for a stay is denied without prejudice to re-filing upon an adequate showing, pursuant to *Rhines v. Weber,* 544 U.S. 269, 277 (2005), that (1) there is good cause for petitioner's failure to exhaust the new claim prior to filing a petition for habeas corpus in this Court, and (2) that the new claim is not plainly meritless.[1]

      In addition, if petitioner decides to file a renewed motion for a stay he must also file a motion for leave to file an amended petition and a proposed amended petition,

---

[1] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A)-(C). (Docket No. 14).

1

which includes both the claims filed in the initial petition and the new claim petitioner now wishes to exhaust in state court. The motion to for leave to file an amended petition must establish that the new claim relates back to the claims pled in the initial petition. *See Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562 (2005)

In *Rhines*, the United States Supreme Court directly addressed the stay and abeyance approach utilized by a number of Circuits, including the Second Circuit, *see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 536 U.S. 925 (2001). *Zarvela* allows a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, to dismiss without prejudice the unexhausted claims so that the petitioner can return to state court to exhaust the unexhausted claims, and then return to the district court to reinstate the previously dismissed claims. In *Rhines*, the Supreme Court approved the stay and abeyance approach but limited its use to only those situations where there ~~was~~ *is* a showing of "good cause" for the petitioner's failure to exhaust the claims in state court, provided that the unexhausted claims are not "plainly meritless." The Court also discussed a third factor, *i.e.*, the petitioner had not "engage[d] in abusive litigation tactics or intentional delay." 544 U.S. at 278. *Rhines,* 544 U.S. at 277. *See also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y. July 26, 205) (denying request for stay without prejudice to renew upon a showing (1) of good cause for failure to exhaust the new claims, (2) the claims either relate back to the originally pled claims, or petitioner was unable to raise the new claims in the original petition, and (3) the new claims are "potentially meritorious" on federal habeas corpus

review).

In the instant matter, petitioner has failed to establish the criteria for the granting of a stay as set forth in *Rhines*. Petitioner simply states there is "new case law from the Court of Appeals" and asks the Court to stay the petition to allow him to again go back to state court and exhaust this new claim. (Docket No. 13). Petitioner offers no justification for not previously exhausting this claim[2] and provides nothing in support of this claim which would allow the Court to make a preliminary determination as to whether the claim is or is not "plainly meritless." Thus, petitioner's request for a stay of these proceedings must be denied.

Additionally, petitioner has not established in any way that the new unspecified claim he now seeks to exhaust is not barred by the statute of limitations, 28 U.S.C. § 2244(d)(1), because it "relate[s] back" to the claims pled in the original petition. *See* Fed.R.Civ.P. 15(a); *Mayle*, 545 U.S. at ----,125 S.Ct. at 2566 ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.")  If petitioner files a renewed motion for a stay as set forth herein, he must also file a motion for leave to amend the petition and attach to said motion a proposed amended petition that includes both the claims pled in the initial petition and the new claim he now wishes to exhaust.

---

[2] "[T]he majority of th[e] lower courts which have addressed the issue at length have analogized the 'good cause' requirement to the requirement that a habeas petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, *5 (E.D.N.Y., Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default (citation omitted), the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo*, 2006 WL 297462, at * 6.

The Clerk of the Court is directed to send to plaintiff with this order a copy of the original petition, a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus form, and a Form Motion and Instructions Packet.

Accordingly, petitioner's motion (Docket No. 13) to stay these proceedings is **DENIED** without prejudice to re-filing upon a adequate showing pursuant to *Rhines*, 544 U.S. at 277, that (1) there is good cause for petitioner's failure to exhaust the new claims, and (2) that the claim is not "plainly meritless." Any additional motions to stay these proceedings must be filed no later than **30 days** after petitioner's receipt of this Order. Moreover, should petitioner file a renewed motion for a stay, he must also file no later than **30 days** after receipt of this Order a motion for leave to file an amended petition and proposed amended petition. The motion must include both the claims raised in the original petition and the new claim he now wishes to exhaust.

SO ORDERED.

/s/ *Victor E. Bianchini*

_____
HONORABLE VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

Dated:   January 5, 2007
         Buffalo, New York